995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Martin HUERTA, Defendant-Appellant.
 No. 92-30185.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Martin Huerta appeals from his 41-month sentence following entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Pursuant to Anders v. California, 386 U.S. 738 (1967), Huerta's counsel submitted a brief raising one possible issue for review: whether the district court erred by failing to depart downward from the applicable Guidelines range for sincere contrition. We have jurisdiction under 28 U.S.C. § 1291. We grant counsel's request to withdraw and affirm the district court judgment.[1]
 
 
 3
 At sentencing, Huerta stated "I just like to ask for your forgiveness for what I did. I am very repentant for it. I never want to do anything again that would separate me from my family the way I have been separated now. So I'm sorry." He did not request a downward departure.
 
 
 4
 Because Huerta failed to request a downward departure before the district court, we deem the issue waived and decline to reach the merits. See United States v. Quesada, 972 F.2d 281, 283-84 (9th Cir.1992) (defendant waived downward departure argument where he failed to raise it before the district court), cert. denied, 113 S.Ct. 1348 (1993).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review